**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4018**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

HENRY MONTARIOUS SMITH,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:10-cr-00160-WO-1)

Submitted: September 8, 2011     Decided: September 27, 2011

Before MOTZ, KING, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Montarious Smith was convicted following his conditional guilty plea to possession of a firearm after conviction of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Smith to 180 months of imprisonment. Smith reserved his right to appeal the district court's denial of his motion to dismiss the indictment.

On appeal, Smith argues that his prior North Carolina state convictions for breaking and entering and attempted breaking and entering were not punishable by more than one year of imprisonment and thus are not predicate convictions pursuant to 18 U.S.C. § 922(g)(1). In light of United States v. Simmons, _____ F.3d _____, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we vacate and remand.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person convicted of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. Smith's prior offenses specified in the § 922(g)(1) charge were punishable by not more than ten months' imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (setting out minimum and maximum sentences applicable under North Carolina's "structured sentencing" regime). When Smith raised this argument in the district court, it was foreclosed by our decision in United States v. Harp, 406

2

F.3d 242 (4th Cir. 2005).  Subsequently, however, we overruled Harp with the en banc decision in Simmons, where a similar argument was presented and sustained in favor of the defendant. In view of our holding in Simmons, we vacate the district court's judgment and remand to the district court for proceedings consistent with this opinion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED